FILED IN OPEN COURT
ON 4-28-2026 BC
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CR-78-D-BM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | INDICTMENT |
| | ) | |
| MARK ANTHONY WOOD, JR | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about February 21, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly and intentionally possess with the intent to distribute five (5) or more grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

On or about February 21, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE

On or about July 17, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of

1

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

On or about July 28, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly and intentionally distribute five (5) or more grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

On or about July 29, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly and intentionally distribute five (5) or more grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about August 6, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly and intentionally distribute five (5) or more grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about August 6, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, at a time separate and apart from the offense alleged in Count Six of in this Indictment, did knowingly and intentionally possess with the intent to distribute fifty (50) or more grams of methamphetamine, a

2

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

On or about August 6, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count Seven of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT NINE

On or about August 7, 2025, in the Eastern District of North Carolina, the defendant, MARK ANTHONY WOOD, JR, did knowingly and intentionally possess with the intent to distribute fifty (50) or more grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Personal Property:

a) One Diamondback Arms, Inc. model DB9 9-millimeter pistol, bearing serial number YN3480, seized on February 21, 2025 from MARK ANTHONY

4

Case 5:26-cr-00078-D-BM    Document 1    Filed 04/28/26    Page 4 of 7

WOOD, JR and any and all associated magazines and ammunition.

b) Approximately $5,049 in United States Currency seized on February 21, 2025 from MARK ANTHONY WOOD, JR.

c) One Glock 29 10-millimeter pistol, bearing serial number CBLD938, seized on August 6, 2025 from MARK ANTHONY WOOD, JR, and any and all associated magazines and ammunition.

d) One Ruger, Model Super Blackhawk, 44 caliber revolver, bearing serial number 84-86112, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

e) One Kimber, Model Combat Carry, 45 caliber pistol, bearing serial number KC02422, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

f) One Arcadia Machine Tool, Model Automag III, 30 caliber pistol, bearing serial number A12676, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

g) One Savage Arms, Model Axis, 308 caliber rifle, bearing serial number N021022, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

h) One Remington, Model 1100 12 gauge shotgun, bearing serial number M062142M, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

i) One Remington, Model 7400, 270 caliber rifle, bearing serial number CB044064, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

j) One Savage Arms, Model 93RI7, 17 caliber rifle, bearing serial number 2790189, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

k) One Remington, 12-gauge shotgun, bearing serial number 252749, seized on August 13, 2025, from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

l) One Winchester, Model 1906, 22 caliber rifle, bearing serial number 340638, seized on August 13, 2025, from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

m) One Harrington and Richardson, Model 148 Topper, 410 caliber shotgun, bearing no serial number, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

6

n) One DPMS, Model A-15, 223 caliber rifle, with attached 37-millimeter launcher, bearing serial number FH55864, seized on August 13, 2025 from 537 Waterbury Drive, Fayetteville, North Carolina, and any and all associated magazines and ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**

Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON
DATE: _4/28/26_

W. ELLIS BOYLE
United States Attorney

BY: JAREN KELLY
Assistant United States Attorney