| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK ANTHONY WOOD, JR.,<br><br>Defendant. | **MOTION TO DISMISS COUNTS SEVEN AND/OR NINE FOR MULTIPLICITY** |

NOW COMES Defendant Mark Anthony Wood, Jr., by and through undersigned counsel, and respectfully moves this Court pursuant to Rule 12(b)(3)(B)(ii) of the Federal Rules of Criminal Procedure to dismiss the multiplicitous counts in the Indictment, or, in the alternative, to compel the government to elect between multiplicitous counts before trial. In support of this motion, Mr. Wood shows the following:

## RELEVANT FACTS

1. On August 6, 2025, deputies from the Harnett County Sheriff's Office discovered more than fifty grams of alleged methamphetamine in Mr. Wood's vehicle.

2. Following his arrest on August 6, 2025, Mr. Wood was booked into the Harnett County Detention Center shortly after midnight on August 7, 2025. Mr. Wood remained in the custody of the Harnett County Detention Center until he

posted bond on August 17, 2025. 25CRS380052 Docket Sheet at 4 (attached hereto as Exhibit 1).

3. On August 7, 2025, after obtaining a search warrant, deputies discovered more than fifty grams of alleged methamphetamine in Mr. Wood's home.

4. Count Seven of the Indictment charges that on or about August 6, 2025, Mr. Wood possessed with intent to distribute fifty or more grams of methamphetamine in violation of 21 U.S.C. § 841(a).

5. Count Nine charges Mr. Wood with the same violation occurring on or about August 7, 2025.

<u>ARGUMENT</u>

An indictment that charges a single offense in multiple counts is multiplicitous. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993), *cert. denied*, 508 U.S. 967 (1993). "The prohibition on multiplicity in an indictment is within the core protections of the Double Jeopardy Clause, and specifically, bars the charging of a single offense in more than one indictment count." *United States v. Gardner*, 417 F. Supp. 2d 703, 708 (D.Md. 2006) (citing *United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000) and *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005)). The "signal danger" of a multiplicitous indictment is that it exposes the defendant to multiple sentences for the same crime, effectively raising the statutory minimum and maximum penalties. *See Burns*, 990 F.2d at 1438. Even when excess convictions are merged for sentencing, or when multiple sentences are set to run concurrently, "[t]he separate *conviction* . . . has potential adverse collateral

consequences that may not be ignored." *Ball v. United States*, 470 U.S. 856, 865 (1985) (emphasis in original). Multiplicity in charging may also prejudice the jury with the suggestion "that [the] defendant has committed not one but several crimes." 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 143 (5th ed. 2026).

To determine whether charges arising under the same statute are multiplicitous, the court must ascertain the "unit of prosecution" that Congress has intended for the statute. *Bell v. United States*, 349 U.S. 81, 81 (1955) (citing *United States v. Universal C.I.T. Credit Corp*, 344 U.S. 218, 221 (1952)). This inquiry begins with the text, but "[t]he Supreme Court has cautioned . . . that the question of what constitutes the allowable unit of prosecution 'cannot be answered merely by a literal reading' of the statute." *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998) (citing *Universal C.I.T. Credit Corp.*, 344 U.S. at 221). Criminal statutes "should be given, insofar as the language permits, a commonsensical meaning," but "when the choice has to be made between two readings of what conduct Congress has made a crime," any ambiguity should be resolved in favor of lenity. *Universal C.I.T. Credit Corp*, 344 U.S. at 221–22; *see also United States v. Mason*, 611 F.2d 49, 51 (4th Cir. 1979).

In *United States v. Bennafield*, 287 F.3d 320 (4th Cir. 2002), *cert. denied*, 537 U.S. 961 (2002), the Fourth Circuit addressed the unit of prosecution of the simple possession statute, 21 U.S.C. § 844(a), which provides that "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance" subject to

3

certain exceptions. The defendant in *Bennafield* had been convicted on two counts of simple possession: the first count concerned his actual possession of two packages of cocaine base, one containing cocaine base and the other containing a mixture of cocaine base and powder cocaine; and the second count concerned his constructive possession of a single package of cocaine base, recovered during the subsequent inventory search of the defendant's rental van. *Id.* at 322. Analyzing the statute, the Court found that nothing in the language of § 844(a) "clearly demonstrates that [the defendant]'s simultaneous possession of the separate packages of cocaine base constituted multiple offenses." *Id.* at 323. The Court noted and dismissed a reading of the statute that would have "the terms 'a mixture' and 'a . . . substance' refer to a single mixture or substance," such that "possession of separate packages [would] constitute[] multiple offenses." *Id.* This is not the unambiguous meaning of the statute, and therefore the rule of lenity required vacatur of the excess conviction. *Id.* at 323–24.

As in *Bennafield*, Mr. Wood is charged with two counts of possession with intent to distribute a single controlled substance that are alleged to have occurred simultaneously. Count Seven charges possession with intent to distribute the alleged methamphetamine in his actual possession on August 6, 2025, while Count Nine charges possession with intent to distribute the alleged methamphetamine discovered in Mr. Wood's home the following day, over which he had constructive possession. Given that Mr. Wood was in the custody of the Harnett County Sheriff's Office continuously from his arrest on August 6, 2025 through the search of his home

4

on August 7, 2025, the second package was necessarily in his constructive possession at the moment he was arrested on the first charge. The language of 21 U.S.C. § 841(a)(1) mirrors that of the statute at issue in *Bennafield*. *Compare* § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally . . . to possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."), *with* § 844(a) ("It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . ."). Applying the Fourth Circuit's analysis in *Bennafield* to the statute at hand, it is not sufficiently clear whether Congress intended a per-package unit of prosecution for simultaneous possession with intent to distribute a single controlled substance under § 841(a)(1). *See Bennafield*, 287 F.3d at 323–24. Therefore, the issue must be resolved in favor of lenity. *See id.*

This case is distinguishable from *United States v. Elliott*, 849 F.2d 886 (4th Cir. 1988), on the basis that the unit-of-prosecution analysis in that case concerned distribution under § 841(a)(1), not possession with intent to distribute. In *Elliott*, the Fourth Circuit held that "each distinct act of delivery is a separate unit of prosecution under § 841(a)(1)," even when the individual deliveries are installments of a single transaction. *Id.* at 890. Possession, unlike delivery, is not a "discrete act." *See id.* Rather, it is "undisputably . . . a continuing offense." *United States v. Anudu*, 77 F.3d 471, 1996 WL 67214, at *2 (4th Cir. Feb. 16, 1996) (unpublished table decision), *cert. denied*, 518 U.S. 1012 (1996). Over the course of possession, a distribution quantity of drugs may be packaged and repackaged. A construction of the prohibition on possession with intent to distribute that allows additional charges to attach *ad*

5

*infinitum* as the quantity is divided into smaller packages is not nearly so "commonsensical" as a construction of the prohibition on "distribution" that penalizes each instance of delivery, especially when statute defines the term "distribute" to mean "to deliver." *See* 21 U.S.C. § 802(11). Such an interpretation of possession with intent to distribute is unrooted in the text of § 841(a)(1) and falls far short of "unambiguous."

## CONCLUSION

Counts Seven and Nine of the Indictment separately charge a single possession event in violation of Mr. Wood's protection against double jeopardy. The proper remedy is to dismiss the multiplicitous counts, or, in the alternative, to compel the government to elect pretrial on which offense it would like to proceed.

Respectfully submitted,

G. ALAN DuBOIS
Federal Public Defender

**/s/ Robert Parrott**
ROBERT PARROTT
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Robert_Parrott@fd.org
N.C. State Bar No. 46312
LR 57.1 Counsel Appointed

6

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

JAREN E. KELLY
Assistant United States Attorney
Eastern District of North Carolina
300 N 3rd Street, Suite 120
Wilmington North Carolina 28401

by electronically filing the foregoing with the Clerk of Court on July 27, 2026, using the CM/ECF system which will send notification of such filing to the above.

This the 27th day of July 2026

**s/ Robert Parrott**
ROBERT PARROTT
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Robert_Parrott@fd.org
N.C. State Bar No. 46312
LR 57.1 Counsel Appointed

7