UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CR-78-D-BM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| v. | ) | TO DEFENDANT'S |
| | ) | MOTION TO SUPPRESS |
| | ) | |
| MARK ANTHONY WOOD JR. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds to the Defendant's Motion to Suppress statements pursuant to Fifth Amendment and *Miranda v. Arizona,* 384 U.S. 436 (1966) ("Motion"). [D.E. 26]. In his Motion, the Defendant seeks to suppress statements made while he was in custody on February 21, 2025.

**PROCEDURAL BACKGROUND**

On April 28, 2026, the Defendant was charged in a nine-count Indictment with possessing with intent to distribute five (5) or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), distributing a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), distributing five (5) or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and distributing fifty (50) or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [D.E. 1]. On July 27, 2026, Defendant filed a motion to suppress statements made by Defendant on February 21, 2025.

## BACKGROUND

The government expects its evidence will show the following relevant facts. On February 21, 2025, Harnett County Sheriff's Office (HCSO) Deputy M. Jones conducted a traffic stop of Defendant for speeding and failing to maintain lane control. Upon stopping the vehicle, Dep. Johnson identified Defendant as the driver and a female passenger. During this traffic stop, Dep. Jones discovered the license plate was fictitious. Due to the fictitious license plates, Dep. Jones asked Defendant to open his door to view the Vehicle Identification Number (VIN) to confirm the vehicle was not stolen. Defendant complied and opened the driver's side door. Upon opening the door, Dep. Johnson immediately saw a glass pipe with white residue in the driver's side door and began to question about the glass pipe.

Dep. Johnson had Defendant step out of the vehicle and Defendant complied. Dep. Johnson asked Defendant what was in his pockets, and he removed a small pocketknife, lighter, wallet with a large amount of cash, a small plastic baggie containing a Percocet pill, and 21 grams of methamphetamine. After Defendant removed these items from his person, Dep. Johnson placed Defendant in handcuffs and placed hi, in the back of his patrol car while he prepared to search Defendant's truck. Due to the female passenger, Dep. Johnson requested additional assistance from HCSO deputies and conducted a search of the vehicle. While the deputies searched his vehicle, they asked Defendant questions to elicit incriminating statements from him and he answered the questions.

## ARGUMENT

**<u>The Government will not use Defendant's statements made while in Deputy Johnson's patrol car at trial.</u>**

Under the provisions of the Fifth Amendment, [n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. To guard against such coercion, the Court established a prophylactic procedural mechanism that requires a suspect to receive a warning prior to a custodial interrogation. <u>Miranda</u>, 384 U.S. at 492.

"The procedural safeguards prescribed by *Miranda* apply only where there has been such a restriction on a person's freedom as to render him 'in custody.'" <u>United States v. Sullivan</u>, 138 F.3d 126, 130 (4th Cir. 1998) (internal quotations omitted). "A person is 'in custody' for purposes of *Miranda* either if the person has been arrested or if his freedom of action has been curtailed to a degree associated with arrest." *Id.* Detainments during routine traffic stops are not considered custodial unless there is a formal arrest or a restraint on the freedom of movement consistent with a formal arrest. <u>See</u> <u>Berkemer v. McCarty</u>, 468 U.S. 420, 423, 429, 441-42 (1984) (roadside questioning of motorist detained pursuant to routine traffic stop did not constitute "custodial interrogation" for purposes of Miranda rule, so that prearrest statements motorist made in answer to such questioning were admissible against motorist).

Here, Defendant was considered in custody only after he was placed in handcuffs and placed in Dep. Johnson's patrol car. However, because Defendant's initial roadside stop cannot be considered custodial in nature, any statements, then

made by the Defendant, are not subject to suppression on the grounds of a *Miranda* violation. Therefore, the government will not seek to admit Defendant's statements made in response to questioning by the deputies, while in Dep. Johnson's patrol car prior to Defendant's warning of his *Miranda*. *See United States v. Sweets*, 526 F.3d 122, 129 (4th Cir. 2007) (observing that "the right against self-incrimination is a *trial right* aimed at protecting the accused from the indignity of being compelled to give testimony against himself").

**CONCLUSION**

Because the Defendant was in custody for *Miranda* purposes when he was placed in Dep. Johnson's patrol car, the government will not use those statements at trial.

Respectfully submitted this 30th day of September 2026.

W. ELLIS BOYLE
United States Attorney

BY: */s/ Jaren E. Kelly*
Jaren E. Kelly
Assistant U.S. Attorney
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4121
Fax: (919) 856-4477
Email: Jaren.Kelly@usdoj.gov
NC Bar # 51627

## CERTIFICATE OF SERVICE

This is to certify that I have this 30th day of September 2026, served a copy of the foregoing response upon the defendant in this action by CM/ECF to:

Robert J. Parrott Jr.
Federal Public Defender - EDNC
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
Telephone: 919-857-4479
Fax: 919-856-4477
Email: Robert_Parrott@fd.org

BY: *__/s/ Jaren E. Kelly__*
Jaren E. Kelly
Assistant U.S. Attorney
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4092
Fax: (919) 856-4477
Email: Jaren.Kelly@usdoj.gov
NC Bar # 51627