UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CR-78-D-BM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS SEVEN AND/OR NINE FOR MULTIPLICITY |
| v. | ) | |
| MARK ANTHONY WOOD JR. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to the Defendant's Motion to Dismiss Counts Seven and/or Nine for Multiplicity ("Motion"). [D.E. 28].

**PROCEDURAL BACKGROUND**

On April 28, 2026, the Defendant was charged in a nine-count Indictment with possessing with intent to distribute five (5) or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), distributing a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), distributing five (5) or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and distributing fifty (50) or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [D.E. 1]. On July 27, 2026, Defendant filed a motion to dismiss Counts Seven and/or Nine of the

Indictment. The Government contends that the Defendant's motion to dismiss should be denied.

**BACKGROUND**

The government expects its evidence will show the following relevant facts. On July 17, 2025, HCSO Detective J. Peralta conducted a controlled purchase of methamphetamine from Defendant utilizing a cooperating source ("CS"). CS met Defendant in a red Chevrolet Silverado in a parking lot of a Food Lion located at 1655 Buffalo Lake Road, Sanford, North Carolina. Defendant sold 14 grams of substance containing methamphetamine.

On July 28, 2025, Detective Peralta and North Carolina State Bureau of Investigation ("SBI") Agent T. Roberts, conducted a second control buy from Defendant utilizing a CS. CS met Defendant at the back of Smart Space Storage located at 555 Alpine Drive, Sanford, North Carolina. When CS arrived at the meeting location, Defendant was driving a tractor. CS and Defendant walked over to Defendant's red Chevrolet Silverado parked nearby. Once inside, Defendant showed CS a Glock 29 9-millimeter handgun that Defendant had previously offered to sell over the phone. CS purchased 14 grams of methamphetamine from Defendant with money.

On July 29, 2025, Detective Peralta, Agent Roberts, and ATF Special Agent A. Crumley, conducted a third control buy from Defendant utilizing a CS. CS met Defendant at Defendant's residence located at 141 Capitol Hill Road, Lillington,

North Carolina. CS purchased 15 grams of methamphetamine from Defendant while sitting in Defendant's red Silverado Chevrolet.

On August 6, 2025, and conducted a controlled purchase of methamphetamine from Defendant utilizing a cooperating source ("CS"). CS met Defendant at a jobsite on Griffin Road near the intersection of Old U.S. 421 highway where Defendant was working. Defendant weighed out one ounce of methamphetamine in his red Chevrolet Silverado and sold approximately 28 grams of methamphetamine to the CS. After the purchase, the CS left the jobsite, and Defendant went back to working on the jobsite.

After the controlled purchase, HCSO deputies continued to watch Defendant for approximately an hour as he kept working because the deputies were aware of Defendant's active warrant for arrest. As Defendant left the jobsite, HCSO Deputy Sergeant Collins ("Sgt. Collins") was sitting stationary on Old U.S. 421 and observed Defendant's red Chevrolet Silverado pulling a flatbed trailer with a tractor eastbound. At that time, pulled out behind the truck and attempted to catch up with it. As Defendant turned into a driveway of a residence[1] on Community Road, Sgt. Collins activated his emergency lights to conduct a traffic stop and parked behind Defendant.

As Sgt. Collins approached the driver side of the door of the truck, he observed a white male crouched next to the front driver's side tire. Sgt. Collins identified Defendant as the male and informed Defendant that he had a warrant for his arrest. Sgt. Collins placed Defendant into handcuffs and searched his person. While Sgt.

[1] Defendant did not live at this residence.

Collins sat in his patrol vehicle, Detective Peralta, who was already on scene, saw a scale on Defendant's center console and asked Defendant what he used the scale for and Defendant responded that he used it for weighing his drugs because Defendant had a drug habit. Upon hearing this, Detective Peralta told Sgt. Collins about what he saw and what Defendant told him. Upon searching the truck, deputies found 54 grams of methamphetamine in the cup holder and a firearm inside a gun case. Following his arrest, Defendant was interviewed by TFO Overby and Special Agent Crumley. During this interview, Defendant told the agents that the firearm and methamphetamine found in his truck did not belong to him.

On August 7, 2026, TFO Overby applied for and obtained a search warrant from Superior Court Judge C. W. Gilchrist for 141 Capitol Hill Road. Officers recovered evidence including 178 grams of methamphetamine, suspected marijuana, a digital scale in a safe in a bedroom closet, a box of 10-millimeter ammunition in a bedroom, and boxes of various ammunition located in a barn and vehicle on the property.

## ARGUMENT

In his Motion to Dismiss, the Defendant claims that Counts Seven and Nine of the Indictment charge for the same violation of 21 U.S.C. § 841(a), as his actual possession of methamphetamine in his truck on August 6, 2025 and constructive possession within his home on August 7, 2025 are the same, single violation. The motion should be denied.

**<u>Defendant's possession of methamphetamine on August 6 and 7 are different offenses requiring separate charges.</u>**

The Defendant's possession of methamphetamine charges represented by Counts Seven and Nine of the Indictment are separate offenses differentiated by location, temporal proximity, and arising out of entirely different circumstances.

The Double Jeopardy clause of the Fifth Amendment bars a defendant from being twice in jeopardy for the same offense, such as through a multiplicitous indictment. *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005). Multiplicity is "the charging of a single offense in several counts." *United States v. Lawing*, 703 F.3d 229, 236 n.7 (4th Cir. 2012) (quoting *United States v. Burns,* 990 F.2d 1426, 1438 (4th Cir. 1993)).

The Fourth Circuit reviewed the issue of multiplicity in the prosecution of multiple narcotic possession offenses in *United States v. Bennafield*, 287 F.3d 320 (4th Cir. 2002). In *Bennafield*, the defendant appealed his two convictions of simple possession of a controlled substance under 21 U.S.C. § 844(a), which makes it unlawful for any individual to "knowingly or intentionally to possess a controlled substance" unless certain exceptions apply. *Id*. at 323. The defendant's first charge was for cocaine in his actual possession recovered after he fled the vehicle he was driving, and the second for a bag of cocaine he constructively possessed recovered during the ensuing inventory search of the vehicle. *See Id*. at 322. In reviewing the defendant's claim that the two charges were unconstitutionally duplicative, the Fourth Circuit held that 844(a)(1) did not unambiguously state that simultaneous

possession of multiple packages of cocaine held in close proximity did not justify multiple offenses for each package. *Id.* at 323.

Unlike *Bennafield*, the offenses charged within the Indictment are not duplicative, as they are not arising out of the same illegal conduct at all. Here, Defendant was arrested in actual possession of over 50 grams of methamphetamine discovered within his truck and after he completed a controlled buy. Based off the information from the arrest and a previous controlled buy from the same residence, the officers obtained a search warrant for the home which, when executed the following day, led to another seizure of over 50 grams of methamphetamine. The seizures of the methamphetamine occurred at separate times and separate locations and were separated by an intervening arrest. Thus, these are two separate offenses. Therefore, this motion should be denied.

## CONCLUSION

Because the offenses do not arise out of the same illegal conduct, Counts Seven and Nine of the Indictment are not unconstitutionally duplicative and therefore lawful under the Fifth Amendment, the Court should deny the Defendant's motion.

Respectfully submitted this 30th day of September 2026.

W. ELLIS BOYLE
United States Attorney

BY: */s/ Jaren E. Kelly*
Jaren E. Kelly
Assistant U.S. Attorney

150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4092
Fax: (919) 856-4477
Email: Jaren.Kelly@usdoj.gov
NC Bar # 51627

**CERTIFICATE OF SERVICE**

This is to certify that I have this 30th day of September 2026, served a copy of the foregoing response upon the defendant in this action by CM/ECF to:

Robert J. Parrott Jr.
Federal Public Defender - EDNC
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
Telephone: 919-857-4479
Fax: 919-856-4477
Email: Robert_Parrott@fd.org

BY: *<u>/s/ Jaren E. Kelly</u>*
Jaren E. Kelly
Assistant U.S. Attorney
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4092
Fax: (919) 856-4477
Email: Jaren.Kelly@usdoj.gov
NC Bar # 51627